IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HENRY L. TOWNES,
B05916

    Plaintiff,

vs.

Case No. 17-cv-651-MJR

ALFONSO DAVID,
TAMMIE PITTAYATHIKHAN,
KAREN SMOOT,
MELISSA PHOENIX, and
JEFFREY DENNISON,

    Defendants.

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Henry L. Townes, currently incarcerated in Shawnee Correctional Center ("Shawnee"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, Defendants exhibited deliberate indifference to a serious risk to Plaintiff's health. Specifically, Plaintiff contends he suffers from type 1 diabetes, sleeping disorders, and has a documented history of falling out of bed. According to Plaintiff, upon being transferred to Shawnee, he repeatedly informed various officials about his medical conditions and the risk of assigning Plaintiff to a top bunk. Plaintiff's complaints were disregarded and, in January 2017, Plaintiff fell out of the top bunk. The fall caused Plaintiff to break his wrist and required emergency surgery. Plaintiff further contends that he is currently being denied physical therapy for his broken wrist.

In connection with his claims, Plaintiff names David Alfonso, the medical director, Tammi Pittayathikhan, a nurse practitioner, Karen Smoot, a healthcare administrator, Melissa Phoenix, a member of the administrator review board, and Jeffery Dennison, Shawnee's warden. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On December 8, 2016, Plaintiff, a 58 year-old with type 1 diabetes, sleep disorders, and a history of falling out of bed, was transferred to Shawnee. (Doc. 1, pp. 5-6). Because of his

preexisting medical conditions, Plaintiff had a low bunk permit at the transferor prison. (Doc. 1, p. 6). Plaintiff was not contacted or examined by medical staff when he arrived at Shawnee. (Doc. 1, p. 5). Plaintiff relayed his medical conditions to security personnel and requested a bottom bunk. *Id.* Nonetheless, Plaintiff was assigned to a top bunk. *Id.*

Plaintiff wrote to David, the medical director, informing him of the following: (1) he is 58 years old; (2) he is a type 1 diabetic; (3) he has sleep disorders; (4) he has a history of falling out of bed; (5) he had a bottom bunk permit prior to being transferred to Shawnee; and (6) he was assigned to a top bunk at Shawnee. *Id.* Plaintiff urged David to review his medical records. *Id.* Several weeks passed without contact from medical staff and without a response from David. *Id.* On or around January 10, 2017, Plaintiff wrote a second letter, this time to David and Pittayathikan, a nurse practitioner. *Id.* The letter relayed Plaintiff's concerns regarding his medical condition and being assigned to the top bunk. (Doc. 1, p. 6). Plaintiff also indicated that he had not seen medical staff since his arrival at Shawnee. *Id.*

On January 15, 2017, Plaintiff wrote Smoot, the healthcare administrator, regarding his preexisting conditions and his concern about being assigned to a top bunk. (Doc. 1, pp. 6, 12). Plaintiff also indicated that he had not been seen by any medical personnel since his arrival at Shawnee. *Id.* Smoot did not respond. *Id.*

On or about January 17, 2017, Plaintiff submitted an emergency grievance to Dennison, the warden, informing him of the top bunk assignment, Plaintiff's medical history, and the fact that Plaintiff had not been seen by medical staff since his arrival. (Doc. 1, pp. 6, 8, 13). Plaintiff requested a low gallery, low bunk and slow walking permit. *Id.* Dennison did not respond. *Id.*

On or about January 18, 2017, Plaintiff was seen by Pittayathikhan. (Doc. 1, p. 8). Plaintiff informed her that he was a diabetic with sleeping disorders, he had a history of falling

3

out of bed, and he had a bottom bunk permit at Vienna. *Id.* Pittayathikhan indicated she did not have authority to issue a bottom bunk permit. *Id.* Plaintiff contends that was a lie because Pittayathikhan previously issued a bottom bunk permit to his cellmate. *Id.*

On January 26, 2017, while sleeping, Plaintiff fell out of the top bunk and broke his wrist. (Doc. 1, pp. 7-9). Plaintiff's wrist required emergency surgery and insertion of a metal plate and screws. (Doc. 1, pp. 9, 14). After being injured, Plaintiff received a low bunk permit. (Doc. 1, p. 9).

The outside specialist that operated on Plaintiff recommended physical therapy. (Doc. 1, p. 10). In April 2017, Plaintiff was seen by David for the first time. (Doc. 1, p. 11). After reviewing Plaintiff's X-rays, David informed Plaintiff he would not be receiving physical therapy because Shawnee does not have the necessary equipment and because of cost. (Doc. 1, pp. 10-12). Plaintiff asked David if he had been receiving Plaintiff's letters. (Doc. 1, p. 11). David indicated that he is busy and that is why Shawnee has nurse practitioners. *Id.*

Plaintiff contends that, because of his injury and the denial of physical therapy, he is experiencing severe pain any time he attempts to use his wrist – even picking up a spoon to eat is painful. *Id.*

Finally, Plaintiff contends that Phoenix, a member of the Administrative Review Board, is subject to liability for mishandling his emergency grievance and failing to follow applicable grievance procedures. (Doc. 1, p. 14).

In connection with these claims, Plaintiff seeks monetary damages from each Defendant. (Doc. 1, p. 7). Plaintiff also requests a preliminary injunction ordering Defendants to provide Plaintiff with the physical therapy prescribed by the specialist on March 9, 2017. (Doc. 1, p. 7).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1-** Eighth Amendment deliberate indifference claim against David, Pittayathikhan, Smoot, and Dennison for disregarding an excessive risk to Plaintiff's health.
>
> **Count 2-** Eighth Amendment deliberate indifference claim against David for refusing to provide Plaintiff with physical therapy as prescribed by the outside physician that operated on Plaintiff's wrist.
>
> **Count 2-** Constitutional claim against Phoenix for mishandling Plaintiff's emergency grievance.

**Count 1**

Deliberate indifference "to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005), or by "woefully inadequate action," *Cavalieri v. Shepherd*, 321 F.3d 616, 624 (7th Cir. 2003), as well as by no action at all. Further, "prisoner requests for relief that fall on 'deaf ears' may evidence deliberate indifference." *Perez*

*v. Fenoglio,* 792 F.3d 768, 782 (7th Cir. 2015) (citing *Dixon,* 114 F.3d at 645). *See also Id.* ("[O]nce an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'").

Plaintiff alleges that he suffers from diabetes, sleep disorders, and had a documented history of falling out of bed. In light of these issues, Plaintiff had been prescribed a bottom bunk permit at his prior prison. Upon arrival at Shawnee, Plaintiff was assigned to a top bunk, placing him at risk of falling out of bed and injuring himself. Applying the generous standard of review applicable at screening, the Court finds that these allegations satisfy the objective prong of the deliberate indifference test.

The subjective prong of the deliberate indifference test is also satisfied. Plaintiff alleges that he submitted detailed correspondence to David, Pittayathikhan, Smoot, and Dennison regarding an excessive risk to his health (the risk of falling from the top bunk in light of his medical issues). Defendants disregarded Plaintiff's requests for help. This suggests that Plaintiff's requests for relief fell on "deaf ears" and is sufficient to proceed at the screening stage.

Accordingly, Count 2 shall proceed as to David, Pittayathikhan, Smoot, and Dennison.

### Count 2

Plaintiff alleges that David is refusing to follow a specialist's recommendations regarding physical therapy because of cost. Allegations that a prison official refused to follow the advice of a medical specialist for a non-medical reason may at times constitute deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015).

Accordingly, Count 2 shall proceed as to David.

### Count 3

The Complaint does not suggest that Phoenix disregarded an excessive risk to Plaintiff's health. Instead, the allegations directed against Phoenix focus on her alleged mishandling of Plaintiff's emergency grievance. Generally, the denial or mishandling of a grievance, standing alone, is not enough to violate the United States Constitution. *See, e.g., George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Accordingly, the allegations pertaining to Phoenix state no claim.

Count 3, therefore, shall be dismissed without prejudice for failure to state a claim. As Count 3 is the only count directed against Phoenix, she shall be dismissed from this action without prejudice.

### Injunctive Relief

The Complaint includes a request for a preliminary injunction. (Doc. 1, p. 7). Plaintiff seeks an order requiring Defendants to provide Plaintiff with physical therapy, as prescribed by the outside specialist who operated on Plaintiff's wrist. *Id.* Given that the Complaint states viable claims and is proceeding, the Clerk of the Court will be directed to add a motion for preliminary injunction to the docket. With respect to Plaintiff's claim for injunctive relief, the warden is the appropriate official capacity defendant. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, Defendant Dennison, the warden of Shawnee, is an appropriate official capacity defendant with respect to any injunctive relief that might be granted.

### Pending Motions

Plaintiff's Motion to Appoint Counsel (Doc. 3) shall be shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

In addition, as noted above, based on the allegations in the Complaint, the Clerk shall be directed to add a Motion for Preliminary Injunction as a separate docket entry in CM/ECF. This motion shall be shall be **REFERRED** to United States Magistrate Judge **Williams** for a decision.

### Disposition

The **Clerk** is **DIRECTED** to **ADD** a **Motion** for **Preliminary Injunction** as a separate docket entry in CM/ECF. This motion is hereby **REFERRED** to United States Magistrate Judge Williams for disposition.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **DAVID, PITTAYATHIKHAN, SMOOT,** and **DENNISON**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **DAVID.**

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim. As such, **PHOENIX** is **DISMISSED** from this action without prejudice and the Clerk of the Court is **DIRECTED** to terminate her as a defendant in CM/ECF.

With respect to **COUNT 1** and **COUNT 2**, the Clerk of the Court shall prepare for Defendants **DAVID, PITTAYATHIKHAN, SMOOT,** and **DENNISON:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams**, including Plaintiff's Motion for Appointment of Counsel (Doc. 3) and Motion for Preliminary Injunction. Further, this entire matter shall be **REFERRED** to **United States Magistrate Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 12, 2017**

<u>**s/ Michael J. Reagan**</u>
**Chief Judge**
**United States District Court**