IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY TOWNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-CV-651-NJR-GCS |
| | ) | |
| JEFFERY DENNISON, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Gilbert C. Sison (Doc. 76) regarding the Motion for Sanctions filed by Defendant Jeffery Dennison (Doc. 72).

Plaintiff Henry Townes, a former inmate of the Illinois Department of Corrections, filed this lawsuit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred while he was incarcerated. Townes alleges that Defendants were deliberately indifferent to his serious medical needs relating to diabetes, sleep disorders, and a history of falling out of bed. He also alleged that Defendant David refused to follow the advice of an outside physician to provide him with physical therapy.

The Court granted summary judgment to Defendants David, Pittayathikhan, Smoot, and Swalls on August 8, 2018, due to Townes's dishonest conduct in modifying a piece of evidence presented at a hearing (Doc. 66).[1] Dennison, the only remaining defendant, now asks the Court to dismiss the claims against him with prejudice because

---

[1] This case was reassigned to Magistrate Judge Sison on January 3, 2019 (Doc. 74) and to the undersigned District Judge on March 6, 2019 (Doc. 77) following judicial retirements.

Townes acquiesced in the falsification of pieces of evidence and because multiple alterations of documents were submitted to the Court with the intention of misleading the Court. Townes did not respond to the motion, despite being directed to do so.

Judge Sison entered a Report and Recommendation on February 6, 2019, recommending that the undersigned grant the motion, dismiss the claims against Dennison with prejudice, and enter judgment in favor of all Defendants. Objections were due on or before February 25, 2019. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed.

Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has carefully reviewed Judge Sison's Report and Recommendation and finds there is no clear error in his findings of fact or conclusions of law. Accordingly, the Report and Recommendation (Doc. 76) is **ADOPTED** in its entirety. The Motion for Sanctions (Doc. 72) is **GRANTED**, and the claims against Defendant Jeffery Dennison are **DISMISSED with prejudice**. This case is **CLOSED,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 2, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**